IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| COPAC, INC., <br><br>     Plaintiff, <br><br> vs. <br><br> TRANSPERFECT, INC., <br><br>     Defendant. | C/A No. 7:11-cv-01392-TMC <br><br><br> **ANSWER TO COMPLAINT** |

COMES NOW - Defendant TransPerfect, Inc. ("Defendant"), by and through its undersigned attorneys, Answers the Complaint of Copac, Inc. ("Plaintiff") as follows with responses to the individually numbered paragraphs of the Complaint and each of the following Affirmative Defenses.  Numbered paragraphs herein refer to numbered paragraphs in the Complaint.

### FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim against Defendant upon which relief can be granted or for which the damages sought can be awarded.

### SECOND DEFENSE

The relief requested in the Complaint is barred by a failure of consideration.

### THIRD DEFENSE

The relief requested in the Complaint is barred by the doctrine of waiver.

### FOURTH DEFENSE

Plaintiff is barred in whole or in part by the doctrine of laches.

### FIFTH DEFENSE

The relief requested in the Complaint would constitute unjust enrichment.

**SIXTH DEFENSE**

The relief requested in the Complaint is barred by the doctrine of accord and satisfaction.

**SEVENTH DEFENSE**

The relief requested in the Complaint is barred because at all times Defendant acted in good faith.

**EIGHTH DEFENSE**

The relief requested in the Complaint is barred because Plaintiff operated in bad faith.

**NINTH DEFENSE**

The relief requested in the Complaint is barred by Plaintiff's failure to mitigate damages.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of *in pari delicto*.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred because Plaintiff's negligence is the proximate causes of any injury it alleges.

**TWELFTH DEFENSE**

Plaintiff's damages, if any, were not proximately caused by any act, omission or breach by Defendant.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred because Plaintiff has suffered no legally cognizable damages.

**FOURTEENTH DEFENSE**

The relief sought by the Plaintiff is unavailable to the extent that the Defendant is entitled to set off or to recoup monies from the Plaintiff including but not limited to monies in excess of those sought by the Plaintiff, and because this Defendant is entitled to be compensated for and receive the value of its labor, contribution of services and contribution of capital.

**FIFTEENTH DEFENSE**

Plaintiff is not entitled to recover punitive damages against Defendant in this action, in that no conduct in this action justifies the imposition of punitive damages against Defendant, and

an award of punitive damages in this action against Defendant would violate the Constitutions of the United States and the relevant States including, but not limited to, their respective due process and excessive fines and penalties clauses.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred by the express terms of the parties' contracts.

### SEVENTEENTH DEFENSE

The relief requested in the Complaint is barred by the doctrine of release.

### EIGHTEENTH DEFENSE

Defendant expressly reserves its affirmative defenses as set forth above and the right to assert additional defenses as investigation and discovery progresses.

### NINETEENTH DEFENSE

Plaintiff's Complaint under the South Carolina Unfair Trade Practices Act is barred for the reason that the subject of the Complaint is a private dispute.

### TWENTIETH DEFENSE

Defendant would show that Plaintiff's complaint is frivolous and merits sanctions and an award of attorney fees under the South Carolina Sanctions for Frivolous Civil Proceedings Act, S.C. Code § 15-36-10 et seq.

### TWENTY-FIRST DEFENSE

Subject to the defenses raised herein, Defendant responds to the separately-numbered paragraphs of the Complaint as follows:

1.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint.

2.    Except to admit that Defendant is a corporation organized under the laws of one of the states of the United States of America other than the State of South Carolina, the allegations contained in Paragraph 2 of the Complaint are denied.

3.    Defendant denies the allegations of Paragraph 3 of the Complaint.

4.    Defendant admits the allegations of Paragraph 4 of the Complaint.

5.    Defendant admits the allegations of Paragraph 5 of the Complaint.

6. Defendant denies the allegations of Paragraph 6 of the Complaint.

7. Defendant admits the allegations of Paragraph 7 of the Complaint.

8. The allegations contained in Paragraph 8 of the Complaint purport to characterize a writing which speaks for itself and, as such, no responsive pleading is required. To the extent a response is required, the allegations contained in Paragraph 8 are denied.

9. Defendant denies the allegations of Paragraph 9 of the Complaint.

10. The allegations contained in Paragraph 10 of the Complaint purport to characterize a writing which speaks for itself and, as such, no responsive pleading is required. To the extent a response is required, the allegations contained in Paragraph 10 are denied.

## FIRST CAUSE OF ACTION
### (BREACH OF CONTRACT)

11. Defendant realleges and incorporates herein by reference its responses to the allegations of Paragraphs 1 through 10 of the Complaint as if fully set forth herein.

12. Defendant denies the allegations of Paragraph 12 of the Complaint.

13. Defendant denies the allegations of Paragraph 13 of the Complaint.

14. Defendant denies the allegations of Paragraph 14 of the Complaint.

15. Defendant denies the allegations of Paragraph 15 of the Complaint.

16. Defendant denies the allegations of Paragraph 16 of the Complaint.

17. Defendant denies the allegations of Paragraph 17 of the Complaint.

18. Defendant denies the allegations of Paragraph 18 of the Complaint.

19. Defendant denies the allegations of Paragraph 19 of the Complaint.

## SECOND CAUSE OF ACTION
### (BAD FAITH)

20. Defendant realleges and incorporates herein by reference its responses to the allegations of Paragraphs 1 through 20 of the Complaint as if fully set forth herein.

21. The allegations contained in Paragraph 21 of the Complaint constitute a legal conclusion to which no responsive pleading is required. To the extent a response is required, the allegations contained in Paragraph 21 are denied.

22. Defendant denies the allegations of Paragraph 22 of the Complaint.

23. Defendant denies the allegations of Paragraph 23 of the Complaint.

## THIRD CAUSE OF ACTION
### (NEGLIGENCE AND NEGLIGENT MISREPRESENTATION)

24. Defendant realleges and incorporates herein by reference its responses to the allegations of Paragraphs 1 through 23 of the Complaint as if fully set forth herein.

25. Defendant denies the allegations of Paragraph 25 of the Complaint.

26. Defendant denies the allegations of Paragraph 26 of the Complaint.

27. Defendant denies the allegations of Paragraph 27 of the Complaint.

28. Defendant denies the allegations of Paragraph 28 of the Complaint.

## FOURTH CAUSE OF ACTION
### (UNFAIR TRADE PRACTICE)

29. Defendant realleges and incorporates herein by reference its responses to the allegations of Paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30. Defendant denies the allegations of Paragraph 30 of the Complaint.

31. Defendant denies the allegations of Paragraph 31 of the Complaint.

32. Defendant denies the allegations of Paragraph 32 of the Complaint.

33. Defendant denies each and every allegation of Plaintiff's Complaint not hereinabove admitted, modified or explained.

## PRAYER FOR RELIEF

WHEREFORE, Defendant TransPerfect, Inc. respectfully prays the Court that:

(a) Judgment be entered in favor of Defendant and against Plaintiff on all counts of the Complaint;

(b) Plaintiff's Complaint be dismissed with prejudice, with all costs of this action and attorneys' fees assessed against Plaintiff;

(c) The Court grant such other and further relief as it may deem appropriate.

HAYNSWORTH SINKLER BOYD, P.A.

By   /s/ Moffatt G. McDonald
    Moffatt G. McDonald, #2805
    mmcdonald@hsblawfirm.com
    75 Beattie Place, 11th Floor
    P.O. Box 2048
    Greenville, SC 29602
    (864) 240-3200
    (864) 240-3300 (fax)

    David E. Spalten
    Kelly S. Johnson
    Kasowitz, Benson, Torres & Friedman, LLP
    1360 Peachtree Street, N.E., Suite 1150
    Atlanta, Georgia 30309

Attorneys for the Defendant TransPerfect, Inc.

November 21, 2011

## CERTIFICATE OF SERVICE

    I hereby certify that on November 21, 2011, the foregoing was electronically filed with the Clerk of the Court using the CM-ECF system. Notification of such filing was given to the following by the CM-ECF system to those registered to receive a Notice of Electronic Filing for this case:

JOHN E. ROGERS, II  
THE WARD LAW FIRM, P.A.  
P O. BOX 5663  
SPARTANBURG, SC 29304  
jrogers@wardfirm.com  
*Attorneys for Plaintiffs*

                                               /s/ Moffatt G. McDonald