IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| COPAC, INC.,<br><br>           Plaintiff,<br><br>vs.<br><br>TRANSPERFECT, INC.,<br><br>           Defendant. | C/A No. 7:11-cv-01392<br><br>REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S NOVEMBER 7, 2011 ORDER |

Defendant TransPerfect, Inc. ("Defendant" or "TransPerfect"), by and through its undersigned attorneys, respectfully submits this Reply Memorandum of Law in Further Support of its Motion for Reconsideration of the Court's November 7, 2011 Order denying Defendant's Motion to Dismiss the Second, Third and Fourth Causes of Action of Plaintiff Copac, Inc.'s ("Plaintiff" or "Copac") Complaint.

**PRELIMINARY STATEMENT**

Plaintiff asserts in its opposition that Defendant's Motion for Reconsideration should be denied because "Defendant is merely in opposition to the Court's ruling and is attempting to have this Court change its ruling in Defendant's favor." Plaintiff is mistaken. The bases for Defendant's Motion for Reconsideration are two-fold.

The first basis for the Motion for Reconsideration is that the Court committed a clear error of law in not dismissing Plaintiff's claims of bad faith and unfair trade practices in violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"). Those claims are premised exclusively on the purported breach of a private contract between TransPerfect and Copac relating to alleged improper translations of certain phrases from English to Spanish. Because it

is well-settled Fourth Circuit and South Carolina state law that a claim of bad faith is subsumed by a breach of contract claim and does not constitute an independent cause of action, and that even a deliberate or intentional breach of contract does not give rise to SCUTPA liability, the Court should reconsider its November 7, 2011 Order and dismiss Plaintiff's "bad faith" and SCUTPA claims.

The second basis for the Motion for Reconsideration is that the Court should have exercised its discretion to state the factual and legal basis of its ruling in order to clarify the issues for discovery and any potential appeal.

## **ARGUMENT**

Pursuant to Fed. R. Civ. P. 59(e), a motion for reconsideration should properly be granted to correct a clear error of law or to prevent a manifest injustice.  See EEOC v. Lockheed Martin Corp., Aero & Naval Systems, 116 F.3d 110, 112 (4th Cir. 1997) (affirming district court order granting motion for reconsideration pursuant to Rule 59(e) to correct a clear error of law).  Thus, Rule 59(e) "permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" Pacific Ins. Co. v. American National Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citations omitted).

In Chavis v. Life Ins. Co. of N. America, No. 2:09-cv-2185-DCN, 2010 U.S. Dist. LEXIS 11780 (D.S.C. Feb. 10, 2010), Chief Judge Norton entered an order denying the defendant's motion to dismiss plaintiff's complaint, but subsequently granted the defendant's motion for reconsideration pursuant to Fed. R. Civ. P. 59(e).  In that case, the court found that it committed a clear error of law in issuing an order inconsistent with a prior holding of the Fourth Circuit Court of Appeals, and agreed to reconsider its decision to correct its error.

Here, like in <u>Chavis</u>, Defendant respectfully requests that the Court reconsider its earlier Order and dismiss Plaintiff's claim of bad faith in light of the plain and unambiguous holding of the South Carolina Court of Appeals in <u>Rotec Services, Inc. v. Encompass Services, Inc.</u>, 359 S.C. 467, 473 (S.C. Ct. App. 2004), that South Carolina does not recognize an independent cause of action for bad faith separate and apart from a breach of contract claim.

Defendant also requests that the Court reconsider its refusal to dismiss Plaintiff's SCUTPA claim in light of the holdings of the Fourth Circuit, the South Carolina Court of Appeals and federal district courts both within and outside this district that a SCUTPA claim cannot plausibly be stated based on a purely private contractual dispute between TransPerfect and Copac that clearly has no adverse impact on the public interest. <u>See</u> <u>Omni Outdoor Advertising, Inc. v. Columbia Outdoor Advertising Inc.</u>, 974 F.2d 502, 507 (4th Cir. 1992) ("Fraud between commercial parties is an egregious form of breach of contract, and breach of commercial contract, without more, is not actionable under the [SC]UTPA"); <u>Noack Enterprises, Inc. v. Country Corner Interiors of Hilton Head Island, Inc.</u>, 290 S.C. 475, 479 (S.C. App. 1986) ("An unfair or deceptive act or practice that affects only the parties to a trade or a commercial transaction is beyond [SCUTPA's] embrace"); <u>Brown v. Wachovia Bank</u>, No. 8:10-cv-1816-HMH-JDA, 2011 U.S. Dist. LEXIS 123880, *13 (D.S.C. Sept. 30, 2011) ("To establish the defendant committed an unfair or deceptive trade practice [in violation of SCUTPA], the plaintiff must allege facts that demonstrate the defendant's conduct went beyond negligence or a breach of contract"); <u>Bessinger v. Food Lion, Inc.</u>, 305 F. Supp. 2d 574, 581-585 (D.S.C. 2003), <u>aff'd</u> 2004 U.S. App. LEXIS 24252 (4th Cir. Nov. 19, 2004) (granting motion to dismiss SCUTPA

claim pursuant to Fed. R. Civ. P. 12(b)(6) because "conduct that affects only parties to the transaction provides no basis for a SCUTPA claim").[1]

Indeed, the only basis asserted by Copac for any adverse impact on the public interest is the fact that TransPerfect has continued to do business in South Carolina. However, the South Carolina Court of Appeals has explicitly held that the mere fact that a defendant continued to engage in the same business after committing an alleged unfair or deceptive act is not sufficient to establish a SCUTPA claim. See Jefferies v. Phillips, 316 S.C. 523, 529 (S.C. App. 1994) ("The mere proof that the actor is still alive and engaged in the same business is not sufficient to establish" that the defendant's conduct "has a potential for repetition, such that it affects the public"); see also Omni Outdoor Advertising, Inc., 974 F.2d at 507-508 ("While every private dispute doubtless has remote public ramifications, these cannot be held to satisfy the element of injury to the public interest which is a prerequisite to any recover under the [SC]UTPA. Were the rule otherwise, every ordinary commercial dispute would become a candidate for the extraordinary remedies provided by the Act").

Second, as previously stated in Transperfect's Motion for Reconsideration, if the Court decides not to dismiss these legally baseless bad faith and SCUPTA claims, then the Court should reconsider its ruling and amend its Order to include a statement of the facts and legal basis on which it denied the motion to dismiss in order to clarify the issues presented for purposes of discovery and potential appeals.

---

[1] See also Adrian v. Mesirow Fin. Structured Settlements, LLC, 647 F. Supp.2d 126, 134-136 (D.P.R. 2009) (applying South Carolina law in finding that proposed SCUTPA claim could not survive Rule 12(b)(6) motion to dismiss because of the absence of specific fact allegations reflecting an effect on the public interest); Power Tools and Supply v. Cooper Power Tools, No. 05-73615, 2007 U.S. Dist. LEXIS 46040, *11-*17 (E.D. Mich. June 26, 2007) (applying South Carolina law in granting motion to dismiss SCUTPA claim pursuant to Fed. R. Civ. P. 12(b)(6) because "speculative claims of adverse public impact" in connection with an alleged breach of contract that purportedly led to higher customer prices "does not convert the dealings between these two private parties into a matter with the scope of the SCUTPA").

## **CONCLUSION**

  For the foregoing reasons and the reasons set forth in Defendant's moving memorandum of law dated November 17, 2011, Defendant respectfully requests that the Court reconsider its November 7, 2011 Order and grant Defendant's Motion to Dismiss Plaintiff's Second, Third, and Fourth Causes of Action.

             HAYNSWORTH SINKLER BOYD, P.A.

             By     /s/ Moffatt G. McDonald
               Moffatt G. McDonald, #2805
               mmcdonald@hsblawfirm.com
               75 Beattie Place, 11th Floor
               P.O. Box 2048
               Greenville, SC 29602
               (864) 240-3200
               (864) 240-3300 (fax)

               David E. Spalten
               Kelly S. Johnson
               Kasowitz, Benson, Torres & Friedman, LLP
               1360 Peachtree Street, NE, Suite 1150
               Atlanta, GA 30309

               Daniel Turinsky
               Kasowitz, Benson, Torres & Friedman LLP
               1633 Broadway
               New York, New York 10019

             Attorneys for the Defendant TransPerfect, Inc.

December 9, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2011, the foregoing was electronically filed with the Clerk of the Court using the CM-ECF system. Notification of such filing was given to the following by the CM-ECF system to those registered to receive a Notice of Electronic Filing for this case:

JOHN E. ROGERS, II
THE WARD LAW FIRM, P.A.
P O. BOX 5663
SPARTANBURG, SC 29304
jrogers@wardfirm.com
*Attorneys for Plaintiffs*

/s/ Moffatt G. McDonald