IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| COPAC, INC., <br><br> Plaintiff, <br><br> v. <br><br> TRANSPERFECT, INC., <br><br> Defendant. | C.A No. 7:11-cv-01392-TMC <br><br><br> **AGREED PROTECTIVE ORDER** |

The plaintiff and defendant having agreed and consented to the terms and entry of this Order, the Court hereby enters this Protective Order regarding the use and dissemination of confidential information in connection with this litigation.

## SCOPE OF THIS ORDER

1. This Agreed Protective Order ("Order") is made and entered into by and among Plaintiff Copac, Inc. (Plaintiff) and Defendant TransPerfect, Inc. (Defendant). Unless ordered to the contrary, any other persons or entities that are or may later be added as parties to this litigation will enter into this Agreed Protective Order after making an appearance in this case. It is the intent of the parties to this agreement that this document shall be their binding agreement effective upon the date of its submission to the Court. This Order shall be applicable to all information deemed "Confidential" pursuant to Paragraphs 2-4 herein, and produced by any party or non-party pursuant to interrogatories, depositions, requests for production of documents, requests for admissions, subpoenas or other discovery requests in connection with the above-styled lawsuit (the "Lawsuit"). No production in discovery of any information, document, testimony or thing shall constitute a waiver of or otherwise affect any party's claim that any discovery constitutes the party's proprietary, confidential or sensitive business information or

trade secret.  This Order shall apply to original forms and copies of documents and information maintained or recorded in any format, including in paper or other hard-copy form and in electronic form, regardless of the particular storage medium or media employed.

## DESIGNATION OF INFORMATION AS CONFIDENTIAL

2. Any party may obtain Confidential treatment for any document or information disclosed (whether by that party or any other party, witness or entity) in the Lawsuit ("Confidential Information") where that party has in good faith asserted that the information is private, confidential, sensitive, proprietary, a trade secret or other commercially or personally sensitive information not generally known to the public.  Confidential Information may be designated as Confidential in the following manner:

a. *Documents or Things*.  Confidential treatment may be obtained by typing, stamping or otherwise affixing the word "Confidential" on the particular document or thing, whether in a hard copy or electronic format.  If a party to this Lawsuit seeks copies of particular documents from another party, the Confidential designation shall be affixed to the document or thing at the time said copies are made and delivered to the requesting party.  With respect to documents produced by non-parties to the Lawsuit (pursuant to any subpoena or other discovery mechanism), any party shall have the right, within ten (10) business days after receiving the same, to designate such materials as "Confidential" by notifying all other parties of such designation in writing, specifically identifying those documents so designated.  Any party receiving documents from any non-party pursuant to any subpoena or other discovery mechanism shall, not later than five (5) business days after receiving the same, provide such documents to counsel for all other parties of record.  Until the expiration of ten (10) business days following all parties' receipt of documents from non-parties, such documents shall be treated as "Confidential" information, as that concept is described below.

    b. *Interrogatories and Requests for Admissions*.  In answering any interrogatory or request for admission, or part thereof, a party may designate its answer as Confidential by affixing thereto the legend "Confidential."  Such Confidential answers shall be made on separate pages from any other answers or portions thereof that are not designated as Confidential Information.

    c. *Testimony*.  Any party may obtain Confidential treatment for any testimony, including without limitation deposition testimony, given in the Lawsuit by any witness by designating, on the record during the course of that testimony, which testimony is claimed to be Confidential Information.  The reporter shall separately transcribe and bind the designated testimony as Confidential Information and shall mark the face of the separate bound transcript containing such testimony with the legend "Confidential."  Such testimony may also be designated as Confidential Information by written notice to all other parties' counsel within thirty days after receipt of the transcript of such testimony, setting forth the pages and lines of such transcript that are Confidential Information.  To facilitate this process, all transcripts and information disclosed during testimony shall be treated as "Confidential" for the thirty-day period following receipt of the transcript by the parties.  In the event of designation by written notice, each party shall attach a copy of such notice to the face of the transcript and each copy thereof in its possession or control.

    d. *Electronic documents or data.*  Confidential treatment may be obtained for electronic documents or data by electronically affixing the word "Confidential" on each page of the electronic document or data or by affixing a label to the disk or other media containing the electronic document or data.  The Confidential designation shall be affixed at the time such electronic documents or data are delivered to the requesting party.

    e. All requests for Confidential treatment shall be made in good faith and for good cause. The inadvertent or unintentional failure to designate material as "Confidential" (as defined below) shall not be deemed a waiver in whole or in part of a party's claim for such treatment under the terms of this Order. If information is produced for which such a "Confidential" designation is lacking but should have appeared, any party may restrict future disclosure of the information in accordance with this Order by notifying all other parties in writing of the designation and by having the information re-produced with the appropriate designation affixed. Upon receiving such notice and replacement copies, the receiving party shall destroy all copies within its possession or control that did not bear the designation, take reasonable steps to prevent any further disclosure of such newly-designated information, and treat the information according to its new designation going forward. Such materials shall thereafter be fully subject to this Order as if they had been initially so designated, notwithstanding Paragraph 15(d) below.

  3. Whenever a party objects to the designation of information as Confidential Information, such party may apply to the Court for a ruling that the information should not be so designated, but only after giving ten (10) business days' notice of the application to counsel for all parties. The party seeking to designate information as Confidential Information shall have the burden of establishing that the designation is in good faith and for good cause. Unless and until the Court enters an order changing the designation of the information, it shall be afforded the Confidential treatment described herein.

**RESTRICTIONS ON DISCLOSURE OF**
**<u>CONFIDENTIAL INFORMATION</u>**

4. Except by order of the Court after reasonable notice to counsel for all parties, information designated as Confidential Information, and any notes or other documents that reflect or refer to such information, shall not be disclosed to any person other than:

    a. The parties and their attorneys of record herein including such partners, associates and paralegals and others employed by said attorneys who are deemed necessary to assist such attorneys with the Lawsuit;

    b. Directors, officers, beneficiaries or trustees of the parties on a need-to-know basis and, to the extent deemed necessary by the party's attorneys in connection with the Lawsuit, other employees of the parties.

    c. Consultants and experts (but not investigators) retained by the attorneys of record to assist in the Lawsuit, to the extent deemed necessary by said attorneys in connection with the Lawsuit.

    d. Deponents, trial or hearing witnesses and their counsel during depositions, hearings or trial in the Lawsuit.

    e. The Court, its respective clerks and staff and any jurors sitting in any trial of the Lawsuit (including any court having jurisdiction of any appeal).

    f. Any person indicated on the face of the Confidential Information to be its originator, author, or a recipient of a copy of the original document.

5. Delivery of information or documents designated as Confidential Information to reputable persons or companies providing copying, messenger or other similar services that do not normally involve the substantive review of information contained therein shall neither be

considered disclosure of the Confidential Information nor require counsel to inform such persons of the provisions of this Order or obtain their agreement to be bound thereby.

6.    All information designated as Confidential Information shall be used only for the purpose of the preparation and trial of the Lawsuit and shall not be used for purposes of publicity or competition.

7.    Each person to whom Confidential Information information is disclosed shall be informed of the terms of this Order and shall agree to be bound by it before disclosure to such person of any such information. Further, before any such information is disclosed to any person covered by Paragraphs 6(b), 6(c), 6(d), 7(b) or 7(c) above, he or she must first agree in writing to be bound by the terms of this Order by execution of an Undertaking of Compliance in the form attached hereto as Exhibit A. Counsel for each party receiving Confidential Information shall maintain the written agreements required herein and shall be required to produce them upon written request.

8.    Nothing herein shall restrict a party's use or disclosure of information produced by him or it.

## FILING AND USE IN COURT OF
## CONFIDENTIAL INFORMATION MATERIAL

9.    When pleadings, motions, briefs, discovery requests or responses, deposition transcripts, or other documents or tangible or electronic things that have been designated, in whole or in part, as being or as containing Confidential Information are to be filed with the Court, the party seeking to to file documents under seal shall file and serve a "Motion to Seal" pursuant to the mandatory procedure outlined in Local Rule 5.03.

## RETURN OF CONFIDENTIAL INFORMATION MATERIAL

10. All documents and information designated as Confidential Information in this Lawsuit shall be destroyed or returned to the producing party within ten (10) business days of the final conclusion of this Lawsuit, whether by final settlement or following the trial and the extinguishment of any appeal, except that the parties' attorneys may keep one copy of such information as needed for their own records.

11. This Order shall continue to be binding after the conclusion of the Lawsuit.

12. No party may seek judicial enforcement related to the return or destruction of Confidential Information before it has provided the party from whom the return or destruction is sought ten (10) business days' written notice and opportunity to comply.

## RELIEF FROM ORDER

13. A party needing relief from the provisions of this Order may, if agreement between or among the parties cannot be reached, seek appropriate relief from the Court upon due notice to all other parties. This Order is without prejudice to all rights of the parties regarding discovery as set forth in the Federal Rules of Civil Procedure.

14. Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not:

    a. Operate as an admission by any party that any particular Confidential Information information is, in fact, confidential;

    b. Operate as an admission by any party that any particular Confidential Information contains or reflects currently valuable trade secrets or proprietary or commercial information; or

    c. Prejudice in any way the right of a party at any time:

7

(1) To seek a determination by the Court whether any particular Confidential Information should be subject to the terms of this Protective Order;

(2) To seek relief from the Court of any provision(s) of this Protective Order, either generally or as to any particular Confidential Information; or

(3) To object to the production or disclosure of particular documents or information, or to seek further restrictions on disclosure with respect to particular documents or information that are greater than or different from those set forth herein.

15. The restrictions and obligations set forth herein relating to material designated as Confidential Information shall not apply to information that:

   a. The parties agree, or the Court rules, is already public knowledge;

   b. The parties agree, or the Court rules, has become public knowledge, other than as a result of disclosure by a receiving party, its employees, or agents in violation of this Protective Order;

   c. Is known or lawfully obtained by the receiving party; or

   d. Has been or is disclosed by the producing party without imposing an obligation of confidentiality.

All parties shall abide by the terms of this Order.

**IT IS SO ORDERED.**

> s/Timothy M. Cain
> Timothy M. Cain
> United States District Judge

Greenville, South Carolina
April 10, 2012

8

AGREED TO AND CONSENTED TO BY:

THE WARD LAW FIRM, P.A.

By    /s/John E. Rogers
John E. Rogers, II, Federal ID #: 10,014
P.O. Box 5663
233 S. Pine Street
Spartanburg, SC 29304
864-591-2366
864-585-3090 (fax)
Email: jrogers@wardfirm.com
Attorneys for Plaintiff

HAYNSWORTH SINKLER BOYD, P.A.

By    /s/ Moffatt G. McDonald
Moffatt G. McDonald, #2805
mmcdonald@hsblawfirm.com
75 Beattie Place, 11th Floor
P.O. Box 2048
Greenville, SC 29602
(864) 240-3200
(864) 240-3300 (fax)

David E. Spalten
Kelly S. Johnson
Kasowitz, Benson, Torres & Friedman LLP
1360 Peachtree Street, NE, Suite 1150
Atlanta, Georgia 30309

Attorneys for the Defendant TransPerfect, Inc.

March 26, 2012

EXHIBIT A

UNDERTAKING OF COMPLIANCE

_____, **pursuant to 28 U.S.C. §1746, declares as follows:**

That (s)he has read the annexed Agreed Protective Order, effective as of _____, 2011, in the matter of *Copac, Inc. v. TranPerfect, Inc.* .in the United States District Court for the District of South Carolina, Civil Action No. 7:11-cv-01392-TMC.

That (s)he is fully familiar with and agrees to comply with and be bound by the provisions of that Agreed Protective Order; and

That (s)he will not divulge to persons other than those specifically authorized by the Agreed Protective Order, and will not copy or use except solely for the purpose of this litigation, any information designated as Confidential.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____, 20\_\_.


_____
Name:
Date: